1822.

SHERMAN
v.
DODGE.

SHERMAN and BATCHELDOR *against* DODGE and others.

Under the *act authorizing the loan of moneys,* &c. passed *April* 18th, 1786, (Sess. 9. ch. 40.) the *loan officers* are bound strictly to pursue the directions of the statute, in the sale of premises mortgaged. If, therefore, there be a defect in the *advertisement* of sale, in describing the *quantity* and *situation* of the land, the sale is irregular and void; and the purchaser, under such sale, was decreed to release all his title to the owners of the equity of redemption; and a note, given by him to the loan officers, for the *surplus* of money, was ordered to be delivered up and cancelled; but the defendant, being an innocent and *bona fide* purchaser, was not subjected to costs.

THE bill, (filed *August* 4th, 1819,) stated, that in *June,* 1817, *Josiah Shaw,* who was then seised of a lot of land, or farm, being the south half of lot No. 22, in *Curry's* patent, in *Charleston, Montgomery* county, containing 100 acres, gave to the plaintiffs, to whom he was justly indebted, for goods sold and delivered, a bond and warrant of attorney to secure the debt, being 1460 dollars, on which a judgment was entered up, and execution issued thereon, and the land, above mentioned, advertised by the Sheriff for sale. That on the 20th of *January,* 1818, the plaintiffs, for the first time, discovered, that *Shaw* had previously mortgaged the land, on the 1st of *April,* 1814, to *D. Kimball,* for 1500 dollars, and that the mortgage had been assigned, on the 1st of *December,* 1814, to *J. Schuyler,* for 421 dollars; and the plaintiffs, to save their debt, *Shaw* having become insolvent, paid up the mortgage, and took an assignment

*May 2d.*

1822.

SHERMAN
v.
DODGE.

thereof from *Schuyler*, to whom they paid 420 dollars and the interest then due, on the 20th of *January*, 1818, whereby their title became absolute. That in *October*, 1818, the plaintiffs, for the first time, discovered, that one *Bartholomew Dodge*, who had, or pretended to have, a title to the lot, had, on the 9th of *July*, 1788, mortgaged the lot to the *loan officers* of the county of *Montgomery*, to secure the sum of *thirty pounds*, with interest, pursuant to an act of the legislature, passed *April* 18th, 1786. (1 *Greenl.* ed. *L. N. Y.* 247. Sess. 9. ch. 40.) The plaintiffs alleged, that the farm in question was worth, at least, two thousand dollars. That *Aaron Haring*, and *Peter Brooks*, jr. defendants, are, and have been, for several years, loan officers of the county of *Montgomery ;* and they, on the 15th of *September*, 1818, sold the whole of the said farm or lot, for the *interest* due, the 15th of *June*, 1818, on *fifteen* dollars only, the whole of the principal, excepting the 15 dollars, having been paid as early as 1800, and the interest, yearly, on the 15 dollars, to the third *Tuesday* of *June*, 1818. That the defendant, *W. L. Dodge*, and *Daniel Paris*, became the purchasers of the lot for the sum of 400 dollars ; and paid the principal and interest due on the mortgage, and the costs, amounting to 19 dollars, and gave their note for the balance of 381 dollars, to *P. Brooks*, jr., dated 9th of *October*, 1818, and both of the loan officers executed a deed for the whole lot. The bill further stated, that the loan officers did not advertise the land according to the directions of the act of 1786 ; but that, if any advertisements at all were fixed up, they were defective in not stating the *quantity* of the land, the *name* of the mortgagor, and a description of its *situation*, as the only description given by them, in the advertisement, was as follows : " The southernmost half of lot number twenty-one, in a patent granted to *William Curry* and others ;" and which was particularly erroneous and deceptive, as the lot was No. 22, and the loan officers ac-

tually conveyed to *Dodge* and *Paris*, lot No. 22. That the
plaintiffs had applied to *D.* and *P.*, and requested a release
of the property, tendering to them *fifty* dollars, in specie,
and an indemnity against the note; that *P.* had released
his claim, but that *D.* had refused to release his title, un-
less the plaintiffs would pay him fifty dollars, and procure
the indemnity of *John Taylor*, though the loan officers had
offered to give up the note, if *D.* would release the lot.
That *D.* had brought an action of ejectment against the
tenant in possession, &c.    *Prayer*, for relief generally,
and an injunction against proceeding in the ejectment suit.
The injunction was granted.    The bill was taken *pro con-
fesso* against *Haring* and *Brooks.*    The defendant, *D.*, an-
swered, admitting the sale by the loan officers, as stated in
the bill, but denying any notice, at the time of the pur-
chase by him and *P.*, of any mistake or defect in the ad-
vertisements, &c.    He admitted the tender as charged, and
that he offered to release on the payment of 50 dollars, for
his trouble and expenses, and an indemnity signed by *J.
T.*, or on the indemnity alone, but the plaintiffs' solicitor
demanded costs.    He set forth the mortgage, in which
the lot is called No. 21, which is the only mistake, the
boundaries given being those of lot 22.

Proofs were taken in the cause.


*Parker*, for the plaintiffs.    He stated the following
points :

1. That the sale, by the loan officers, was void, for not
conforming strictly to the directions of the statute.

2. That the defendants, *D.* and *P.*, must be presumed to
have known the directions of the statute, and were, there-
fore, purchasers at their peril.

3. That *D.* was bound to release, on being informed of
the irregularity, and the tender made to him.

4. That the plaintiffs were not bound to indemnify him
against the note, as the plaintiffs were equitably entitled to

1822.

SHERMAN
v.
DODGE.

the surplus in the hands of the loan officers ; and, having obliged the plaintiffs to come to this Court for relief, he ought to pay costs. He cited 3 *Johns. Ch. Rep.* 344, 345. 4 *Cranch's Rep.* 413.

*Dodge,* contra, said, that as the mistake in the number of the lot was made by the mortgagor, under whom the plaintiffs claim title, they were estopped from making the objection. That if there was any defect in the notice or advertisement of sale, it was a question of law, and the plaintiffs might make it a ground of defence in the ejectment suit. That the plaintiffs were not entitled to a release.; but if any was to be made, it should be to the loan officers. That he was an innocent purchaser, and ought not to pay costs.

THE CHANCELLOR declared, that the sale by the defendants, *H.* and *B.*, as loan officers, of the mortgaged premises, was irregular and void, because it was not made in pursuance of the due previous notice required by the twentieth section of the act of the 18th of *April,* 1786. (Sess. 9. ch. 40.) That act required the advertisements of sale to be fixed at not less than three of the most public places in three or more towns of the county where the premises were situated, describing the quantity and situation of the lands mortgaged ; and the notice in this case did not appear to have been put up at the requisite public places, and the advertisements (if any were published) did not describe the quantity or true situation of the lands to be sold. This appeared, he said, satisfactorily, from the charge in the bill, from the admission of the bill by the loan officers, who suffered it to be taken *pro confesso,* and from the absence of all proof of notice. The note given to the loan officers for the balance of the purchase money was ordered to be delivered up to be cancelled, and the defendant *D.* was thereupon ordered to release all his

claim and title under the purchase to the plaintiffs, who were the owners of the equity of redemption, and in possession of the premises. The case was deemed to fall within the principle of the decision in *Denning* v. *Smith*, (3 *Johns. Ch. Rep.* 332.) which required the directions of the statute in respect to the sale to be strictly pursued.

No costs were given to either party as against the other, as there was no fraud or bad faith in the sale or purchase; and the defendant, *D.*, purchased without knowledge of any irregularity in the notice of sale, and was not, under the circumstances of the case, chargeable with any unreasonable and unjust assertion of his claim, in any stage of the transaction.

Decree accordingly.